STATE *ex rel.* BALLARD, *Ins. Com'r,* v. HOOKER, *Co. Atty., et al.*

No. 3007.    Opinion Filed May 14, 1912.

Rehearing Denied September 10, 1912.

(126 Pac. 231.)

**QUO WARRANTO—Parties—Commissioner of Insurance—Forfeiture of Charter.** The Commissioner of Insurance, by virtue of article 6, secs. 1, 22, and 23, of the Constitution, is authorized to bring suit in quo warranto in the district court to forfeit the charter of a corporation and oust it from doing business in the state, without the intervention of the county attorney.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by the State, on the relation of P. A. Ballard, Insurance Commissioner, and Sam Hooker, County Attorney of Oklahoma County, against the Union Mutual Insurance Company of Enid. From a judgment dismissing the action on the motion of the County Attorney of Oklahoma County, relator Ballard brings error. Reversed and remanded, with directions.

*Ledbetter, Stuart & Bell,* for plaintiff in error.

*Sam Hooker, Wm. Zwick, W. J. Otjen, Warren K. Snyder,* and *Chalmers B. Wilson,* for defendants in error.

TURNER, C. J.   On April 11, 1911, there was brought, in the district court of Oklahoma county, an action in *quo warranto* styled, "The State of Oklahoma *ex rel.* P. A. Ballard, Insurance Commissioner of the State of Oklahoma, and *ex rel.* Sam Hooker, County Attorney of Oklahoma County, State of Oklahoma, Plaintiff, v. Union Mutual Insurance Company (of Enid), a Corporation, Defendant," the object of which was to forfeit the charter of defendant and oust it from doing business in the state.   Among other things, the petition states:

"That this action is instituted by authority of and at the direction of the said Perry A. Ballard, the Insurance Commissioner of the state of Oklahoma, acting under the authority of law conferred upon him as such Insurance Commissioner and for the purpose of enforcing and executing the laws of this state in relation to insurance and insurance companies doing business in the state of Oklahoma."

It was signed by said commissioner and said county attorney.   On April 25, 1911, said Hooker, as county attorney aforesaid, moved the court to dismiss the action, whereupon said Ballard, as Insurance Commissioner aforesaid, filed his "protest" against such proposed action on the ground that the county attorney, having brought the suit at his direction, was not authorized to dismiss the same without the consent of said commissioner, and also on the ground that, as the action was brought to enforce the insurance laws of the state, the Insurance Commissioner had control over any litigation involving the enforcement of said laws.   Later the court sustained said motion, on the sole ground that the county attorney had control of the action, and said commissioner, to reverse the judgment dismissing the action, brings the case here.

The court erred.   The county attorney, not being a necessary party to the action, had no control over the same.   The Insurance Commissioner was the proper party to bring the suit

without the intervention of the county attorney. Article 6, sec. 1, of the Constitution reads:

"The executive authority of the state shall be vested in a Governor, * * * Commissioner·of Insurance and other officers provided by law and this Constitution, each of whom shall * * * perform such duties as may be designated in this Constitution or prescribed by law."

Section 22:

"There is hereby established an insurance department, which shall be charged with the execution of all laws now in force, or which shall hereafter be passed, in relation to insurance and insurance companies doing business in the state."

Section 23:

"There shall be elected by the qualified electors of the state, at the first general election, a chief officer of said department, who shall be styled the 'Insurance Commissioner.' * * * *"

In *Homesteaders v. McComb,* 24 Okla. 201, 103 Pac. 691, 20 Ann. Cas. 181, we said, in effect, that the Insurance Commissioner, being an executive officer of the state, was charged with the duty of executing the laws in force in the state relating to insurance and insurance companies doing business therein.

Now, as in *State ex rel. Taylor v. Cockrell,* 27 Okla. 630, 112 Pac. 1000, we in effect held that the State Examiner and Inspector, being vested by the Constitution with executive power and charged by law with certain duties which he could exercise independent of the Governor, could bring an original action in mandamus in this court on his own relation against the Bank Commissioner to compel him to permit the inspector to examine certain records, books and papers belonging to a failed bank, in the hands of said commissioner, so we hold here that the Insurance Commissioner, being likewise vested by the Constitution with executive powers and charged with the duty of executing the laws in force in the state relating to insurance and insurance companies, had the right to bring this suit in the district court on his own relation without the intervention of the county attorney; that, having the right so to do, it was unnecessary to make him a party; that, being an unnecessary party, the county attorney, on his own motion, or on motion of the

commissioner, could have been stricken as a party from the record, or the county attorney could at any time have withdrawn from, but could not be permitted to dismiss, the case. The court, therefore, erred in permitting him so to do.

The cause is reversed and remanded, with directions to reinstate the cause, and, when reinstated, to permit the county attorney to withdraw therefrom, if he so desires, and that the same proceed in accordance with this opinion.

All the Justices concur.